Steven K. CASTELLO, Plaintiff–
Appellant,

v.

CITY OF SEATTLE, a municipal
corporation; et al., Defendants–
Appellees.

No. 12–35027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2013.

Filed June 20, 2013.

Gail M. Luhn, Seattle, WA, Sidney
Charlotte Tribe, Talmadge/Fitzpatrick, Tu-
kwila, WA, for Plaintiff–Appellant.

Amy Lowen, City of Seattle Law De-
partment, Fritz E. Wollett, Seattle City
Attorney's Office, Seattle, WA, for Defen-
dants–Appellees.

Before: THOMAS and NGUYEN,
Circuit Judges, and DEARIE, Senior
District Judge.*

MEMORANDUM **

Steven K. Castello appeals the district
court's grant of summary judgment in fa-
vor of the City of Seattle and the Seattle
Fire Department on his claims for retalia-

* The Honorable Raymond J. Dearie, Senior
District Judge for the U.S. District Court for
the Eastern District of New York, sitting by
designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

tion against the exercise of his right to
free speech under 42 U.S.C. § 1983. We
have jurisdiction under 28 U.S.C. § 1291,
and we affirm.

Assuming without deciding that Castel-
lo's speech was on a matter of public con-
cern, defendants have met their burden
under *Pickering v. Board of Education,*
391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811
(1968), to show that their legitimate admin-
istrative interests outweighed Castello's in-
terest in this particular speech. Defen-
dants have a legitimate interest in running
the fire department efficiently without dis-
ruption or interference. *See Arnett v.
Kennedy,* 416 U.S. 134, 168, 94 S.Ct. 1633,
40 L.Ed.2d 15 (1974) ("[T]he Government,
as an employer, must have wide discretion
and control over the management of its
personnel and internal affairs. This in-
cludes the prerogative to remove employ-
ees whose conduct hinders efficient opera-
tion and to do so with dispatch."). Their
assessment that Castello's survey caused
disruption or, at a minimum, was potential-
ly disruptive was reasonable, given the
complaints they received from two of Cas-
tello's co-workers, both of whom had also
complained just prior to the survey that
one of them was being targeted by Castel-
lo.[1] "When close working relationships
are essential to fulfilling public responsibil-
ities, a wide degree of deference to the
employer's judgment is appropriate. Fur-
thermore, we do not see the necessity for
an employer to allow events to unfold to
the extent that the disruption of the office
and the destruction of working relation-
ships is manifest before taking action."

1. We do not consider defendants' argument,
raised for the first time on appeal, that Castel-
lo's conduct was motivated by personal ani-
mosity. We therefore grant defendants' mo-
tion to strike the appendix attached to the
reply brief because it was not a part of the
record before the district court.

*Connick v. Myers,* 461 U.S. 138, 151–52, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *see also Waters v. Churchill,* 511 U.S. 661, 673, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) ("[Courts] have given substantial weight to government employers' reasonable predictions of disruption."); *Moran v. Washington,* 147 F.3d 839, 846 (9th Cir.1998) ("[C]ourts should not require government employers to demonstrate that an employee's speech *actually* disrupted efficient office operation; rather, 'reasonable predictions of disruption' are sufficient." (quoting *Waters,* 511 U.S. at 673, 114 S.Ct. 1878)).

Viewing the totality of the circumstances, defendants have demonstrated under *Pickering*'s balancing test that their "interest in the effective and efficient fulfillment of [their] responsibilities to the public" outweigh Castello's speech. *Connick,* 461 U.S. at 150, 103 S.Ct. 1684. Accordingly, we find that the district court did not err in granting defendants summary judgment.

For the same reasons, the district court did not abuse its discretion in denying Castello's motion for reconsideration.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.